Scott M. Grace, SBN 236621
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92101
Phone: (619) 346-4611
Facsimile: (619) 501-8106
sgrace@gracelawapc.com

Attorney for Plaintiff Jason Harris

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jason Harris,<br><br>                              Plaintiff,<br><br>vs.<br><br>Team K.G. Inc. *dba* Five Star Restoration; Richard Stone & Associates; and Does 1-5.<br><br>                              Defendants. | Case No. 5:23-cv-02033<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>• CA ROSENTHAL ACT<br>• FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

## I.      INTRODUCTION

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, *et seq.* to eliminate abusive debt collection practices by debt collectors; to ensure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged; and to promote consistent State action to protect consumers against debt collection abuses.

2.     The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.     Plaintiff Jason Harris, ("Harris" Or "Plaintiff"), through his counsel, brings this action to challenge the acts of Defendants Team K.G. Inc. *dba* Five Star Restoration (hereinafter "Five Star Restoration") and Richard Stone & Associates (hereinafter "Richard Stone & Associates") regarding Five Star Restoration's violation of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("RFDCPA" or "Rosenthal Act"), and Richard Stone & Associates' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Rosenthal Act. Both the FDCPA and the Rosenthal Act prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

4.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.     While many violations are described below with specificity, this Complaint alleges violations of the statutes in their entirety.

6.     Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as Does 1 through 5, and therefore sues Defendants by such fictitious names.

7.     Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8.     Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## II.    JURISDICTION AND VENUE

9.     This action arises out of Five Star Restoration's numerous violations of the Rosenthal Act under Cal. Civ. Code §1788, *et seq,* and of Richard Stone & Associates' numerous violations of the FDCPA under 15 U.S.C. §1692, *et seq* and the Rosenthal Act under Cal. Civ. Code §1788, *et seq*.

10.     Jurisdiction is established pursuant to 15 U.S.C. §1692(k)(d).

11.     As Defendants engage in business in the state of California and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

12.     Venue is proper pursuant to 28 U.S.C. §1391 as some or all of the acts at issue herein occurred in the Eastern District of California.

## III.   PARTIES

13.     Plaintiff is a natural person residing in Murrieta, California, and is a "consumer" within the meaning of 15 U.S.C. §1692(a)(3) of the FDCPA in that he is a natural person purportedly obligated to pay a consumer debt that was incurred

primarily for personal, family, or household purposes, allegedly owed to Five Star Restoration (hereinafter "Debt").

14.    Plaintiff is a natural person residing in California and is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing to Five Star Restoration and is therefore a "debtor" as that term is defined by California Civil Code §1788.2(h).

15.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16.    This action arises out of a "Debt" as that term is defined by 15 U.S.C. §1692(a)(5) and California Civil Code §1788.2(d).

17.    Plaintiff is informed and believes that Defendant Five Star Restoration is and was a dba of Team K.G. Inc., which is a California Corporation with a principal place of business located in Murrieta, California, and is a "person" under California Civil Code §1788.2(g), who extends consumer credit to a "debtor," and as such Five Star Restoration is a "creditor" as defined by California Civil Code §1788.2(i).

18.    The agreement for services underlying this complaint is a "transaction between a natural person and another person in which property, services, or money is acquired on credit by that natural person from the other person primarily for personal, family, or household purposes," and is, therefore, a "consumer credit transaction" as defined by California Civil Code §1788.2(e).

19.    Richard Stone & Associates in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

///

///

Complaint                                                                                 Case # 5:23-cv-02033

## IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

20. On or about May 29, 2019, Plaintiff experienced flood water damage to his home in Murrieta, California and opened an insurance claim.

21. On or about September 11, 2019, Defendant Five Star Restoration performed water damage mitigation services at Plaintiff's home pursuant to Plaintiff's insurance claim.

22. On or about September 11, 2019, Defendant Five Star Restoration submitted an invoice to Plaintiff for water damage mitigation services in an amount of $5,543.82. (**Exhibit 1**)

23. Unfortunately, Plaintiff and Defendant Five Star Restoration disagreed upon the value and quality of the services performed pursuant to an "Authorization to perform Emergency Services" agreement dated September 10, 2019. (**Exhibit 2**)

24. On October 5, 2022, Defendant Five Star Restoration sent Plaintiff an invoice via email again claiming the balance owed in the amount of **$5,543.82**, and which indicated that the file had been transferred to an outside collection firm—Stone & Associates (AKA Defendant Richard Stone & Associates).

25. Later the same day, on October 5, 2022, Plaintiff received an email from Richard Stone & Associates, which included an invoice for **$12,343.99** for the water mitigation services previously provided by Five Star Restoration.

26. The October 5, 2022, email from Richard Stone & Associates stated that an additional amount of **$6,900.17** had been inexplicably added to the balance for Arbitration/Investigations/Interest/Administration and stated a total balance due of **$12,343.99**, despite no such fees being authorized in the alleged water mitigation services agreement.

27. The October 5, 2022, email from Richard Stone & Associates further contained a "**Letter of Representation**" which threatened various types of improper legal action against Plaintiff, as demonstrated by the following:

a. "*Our client intends to file a petition to Riverside County for a "Notice to Lien" on the property listed above and or legal filing for the remaining balance on the claim plus treble damages, pending the outcome of investigation.*"

b. "*Also not limited to submitting misappropriation of funds to the State of CA. and/or not limited to all three credit bureau reporting.*

c. "*The filing of a lien by our client will add approximately $500 towards the balance.*"

28.    The **October 5, 2022**, Letter of Representation that was sent by Richard Stone & Associates demanded a "Total Amount due of **$12,343.99** for a full general release of any legal liability" arising from the improper legal actions threatened against Plaintiff and stated that "if payment is not received by the aforementioned date a lawsuit will be filed."

29.    On **October 10, 2022**, Plaintiff received another email from Richard Stone & Associates, which included another "Letter of Representation" that reiterated all of the same improper threats and demands.

30.    On **October 11, 2022**, Plaintiff received a written "Letter of Representation," which again included all of the same improper threats of legal action and demands for improper balances as stated previously. (**Exhibit 3**)

31.    Between October 11, 2022, and January 10, 2023,  Defendants continued to send Plaintiff invoices threatening unauthorized legal actions and claiming inflated amounts due approximately once every week.

32.    Between October 5, 2022 and September 1, 2023, Defendants continued to send Plaintiff invoices threatening unauthorized legal actions and claiming inflated amounts not authorized in the alleged water mitigation services agreement on at least 24 occasions, and often on a weekly basis, clearly in an attempt to harass Plaintiff in connection with the collection of the underlying alleged debt.

33.     In California, a mechanic's lien must be filed within ninety (90) days after completion of any work of improvement pursuant to Cal. Civ. Code §8412(a).

34.     As of the date of October 4, 2023, neither Defendant has filed for a lien against Plaintiff, which would have been required to have been filed within 90 days of the initial date of service pursuant to Cal. Civ. Code §8412(a), or filed a collection action against Plaintiff in Riverside, California.

35.     Defendants' threats of unauthorized legal actions against Plaintiff were clearly intended to coerce Plaintiff into paying an amount not authorized by any contractual agreement and were meant to continually harass Plaintiff in connection with the collection of the alleged debt.

36.     By engaging in the foregoing conduct, the natural consequences being harassment of Plaintiff, in connection with the collection of a debt, Defendants Five Star Restoration and Richard Stone & Associates repeatedly, knowingly, and intentionally violated 15 U.S.C. § 1692d, e, e(2), e(5), e(10), f, and f(1) of the FDCPA and Cal. Civ. Code § 1788.17 of the California Rosenthal Act.

37.     Defendants' relentless improper collection actions have caused Plaintiff ongoing emotional distress for the past thirteen months including stress, frustration, anger, loss of sleep, and a sense of helplessness in being unable to avoid the threatened legal actions, including a lien on Plaintiff's property, improper lawsuits, and threats of being reported to the authorities of the state of California for misappropriation of funds.

## FIRST CLAIM FOR RELIEF

### (Violations of the Rosenthal Act by Five Star Restoration)

38.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

39.     Based on information and belief, Five Star Renovation's acts and omissions violated California Civil Code § 1788, *et seq*.

Complaint                                                          Case # 5:23-cv-02033

40.     Defendant Five Star Restoration violated Cal. Civ. Code §1788.13(e), which prohibits the "false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation."

41.     Here, Five Star falsely represented both a right to attorney's fees and a right to collect a balance including finance charges unsupported by any valid, binding contract.

42.     Five Star violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to, the following:

a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

c. 15 U.S.C. §1692e(2) by communicating a false impression of the character, amount, or legal status of the alleged debt;

d. 15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

e. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

f. 15 U.S.C. §1692f by committing any unfair or unconscionable means to collect or attempt to collect the alleged debt; and

g. 15 U.S.C. §1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

43.     Five Star's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

44.    As a proximate result of the violations of the Rosenthal Act committed by Five Star, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## SECOND CLAIM FOR RELIEF

### (Violations of the FDCPA by Richard Stone & Associates)

45.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above. Richard Stone & Associates violated the FDCPA. The violations by Richard Stone & Associates include, but are not limited to the following:

a.  Engaging in any conduct where the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692d.

b.  Using a false, deceptive, or misleading representation or means in connection with attempting to collect the alleged debt, in violation of 15 U.S.C. § 1692e.

c.  Communicating a false impression of the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

d.  Threatening to take any action that legally cannot be taken, in violation of 15 U.S.C. § 1692e(5).

e.  Making any false representations or deceptive means to collect a debt or obtain information about the consumer, in violation of 15 U.S.C. § 1692e(10).

f.  Committing any unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.

Complaint                                                    Case # 5:23-cv-02033

g.  Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

46.  Plaintiff is entitled to actual damages sustained as a result of Richard Stone & Associates' conduct, including all out-of-pocket expenses, in an amount according to proof, to statutory damages of $1,000 each, and to reasonable attorney's fees, all pursuant to 15 U.S.C. § 1692k.

**THIRD CLAIM FOR RELIEF**

**(Violations of the Rosenthal Act by Richard Stone & Associates)**

47.  Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

48.  Based on information and belief, Richard Stone & Associates' acts and omissions violated California Civil Code § 1788, et seq.

49.  Richard Stone & Associates violated Cal. Civ. Code §1788.13(e), which prohibits "[t]he false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation."

50.  Here, Richard Stone & Associates falsely represented both a right to attorney's fees and a right to collect a balance including finance charges unsupported by any valid, binding contract.

51.  Richard Stone & Associates violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to, the following:

a.  15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

Complaint                                                          Case # 5:23-cv-02033

b.   15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

c.   15 U.S.C. §1692e(2) by communicating a false impression of the character, amount, or legal status of the alleged debt;

d.   15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

e.   15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

f.   15 U.S.C. §1692f by committing any unfair or unconscionable means to collect or attempt to collect the alleged debt; and

g.   15 U.S.C. §1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

52.    Richard Stone & Associates' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

53.    As a proximate result of the violations of the Rosenthal Act committed by Richard Stone & Associates, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against Five Star Restoration and Richard Stone & Associates, and prays for the following relief:

1.    An award of actual damages pursuant to California Civil Code § 1788.30(a) against Five Star Restoration and for Plaintiff;

2.      An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Five Star Restoration and for Plaintiff;

3.      An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Five Star Restoration.

4.      An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Richard Stone & Associates for Plaintiff.

5.      An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Richard Stone & Associates for Plaintiff.

6.      An award of costs of litigation and reasonable attorney's fees against Richard Stone & Associates for Plaintiff, pursuant to 15 U.S.C § 1692k(a)(3).

7.      An award of actual damages pursuant to California Civil Code § 1788.30(a) against Richard Stone & Associates and for Plaintiff;

8.      An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Richard Stone & Associates and for Plaintiff;

9.      An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Richard Stone & Associates.

## JURY DEMAND

Plaintiff demands a trial by jury.

Date: October 4, 2023                    /s/Scott M. Grace
                                         Scott M. Grace
                                         Attorney for Plaintiff

Complaint                                          Case # 5:23-cv-02033